## SALOMON *v.* SAQUI.

*N. Y. City Court, Special Term; December,* 1887.

*Sheriff's fees; taxation.*] Upon written demand of defendant, the
sheriff must cause his fees upon the collection of an execution to be
taxed, although the plaintiff in the execution approves the sheriff's
bill.

Motion by defendants (after demand made) to compel
the sheriff to tax his fees.

The facts appear in the opinion.

*Solomon, Kantrowitz & Esberg,* for the motion.

*Cockran & Clark,* opposed.

McADAM, Ch. J.—Under 3 R. S. 6 ed. 924; Code,
§ 3287, the " sheriff, who, upon the collection of an execu-
tion . . . claims any fees which have not been taxed,
must, upon the written demand of the person liable to
pay the same, cause them to be taxed."

The sheriff herein, under an execution for $579.59,
sold property of the defendants and realized $379.70. The
fees and expenses charged aggregate $172.62. The plaint-
iff's attorney has assented to the bill, and the sheriff's
counsel claims that as the defendants are not settling the
execution or paying the fees, and the amount realized is
insufficient to satisfy the execution, the defendants are
not entitled to have the fees taxed.

This construction of the law will not do. The fees
come from the proceeds of sale of the defendant's prop-
erty, and the net amount realized on the execution is, in
law, a payment of the judgment *pro tanto*, leaving the
balance, when ascertained, to be paid by the defendants
when able. The judgment creditor only credits the net

amount received from the sheriff, and the defendants remain liable for the balance. It is unreasonable, therefore, to say that the defendants are not interested in the amount of the sheriff's bill.

The approval of the bill by the plaintiff's attorney may estop the judgment creditor from objecting to its accuracy, but it does not conclude the defendants, who, in reality, are the persons paying the sheriff's fees. Any other construction would impair, if not destroy, one of the evident purposes of the statutory provision before referred to. It matters not whether a judgment debtor pays an execution in money or it is paid by means of a sheriff's sale of his goods. In either event, it is in legal effect a payment by him, and whether the judgment is paid wholly or in part, the person making the payment is entitled, as of right, to have the fees of the sheriff taxed, to the end that the amount paid (less the legal fees) be credited upon the execution.

It follows that the defendants are entitled to have the sheriff's bill taxed.

Application granted.